IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM GREGORY COOK, #165816　　*
　　　　　Plaintiff,
　　　v.　　　　　　　　　　　　　*　CIVIL ACTION NO. PJM-13-1220

DAVID BLUMBERG, CHAIRMAN OF THE*
　PAROLE COMMISSION
　　　　　Defendant.　　　　　　　*
　　　　　　　　　　　　　　　　　***

## MEMORANDUM OPINION

On April 24, 2013, the Court received for filing William Gregory Cook's ("Cook") civil rights Complaint for punitive and compensatory damages for each day that he is not afforded a revocation hearing. Cook, who is confined at the Maryland Reception Detention & Classification Center ("MRDCC"), states that he was arrested on January 16, 2013 on drug charges and posted bond two days later. He asserts, however, that he was re-arrested on February 12, 2013 on a parole retake warrant issued by defendant. Cook complains that that it has been more than two months and he has not been provided a parole revocation hearing in a timely manner (within 60 days of his apprehension) in violation of the Code of Maryland Regulations ("COMAR"). The allegations go to Cook's arrest and continued detention on the parole retake warrant. His Complaint is accompanied by a Motion for Leave to Proceed In Forma Pauperis. Because he appears indigent, his indigency motion shall be granted. Cook's Complaint may not, however, proceed.

This is not the first time Cook has sought to proceed against Parole Chairman Blumberg with regard to his claims. In *Cook v. Blumberg*, *et al.*, Civil Action PJM-13-764 (D. Md.) and *Cook v. Blumberg*, *et al.*, Civil Action PJM-13-1250 (D. Md.) he raised similar allegations, which were treated as 28 U.S.C. § 2241 habeas corpus grounds and dismissed without prejudice. These cases show that in February of 2012, Cook was ordered to submit to urinalysis drug testing by his parole agent. This condition was formally added to Cook's parole supervision on March 12, 2012. On

January 16, 2013, Cook was arrested in Baltimore City for drug possession. He was released on bail two days later. Defendant issued a parole retake warrant charging Cook with violating parole release rules. He was arrested on the retake warrant on February 12, 2013. As noted by the Court, the parole retake warrant was premised on Cook's arrest on drug possession charges.

Cook seeks damages for his continued confinement on the parole retake warrant in light of the failure to conduct the expeditious parole revocation hearing as he claims is required under Maryland law. An inmate is not entitled to a prompt hearing where the parole violation warrant is simply filed as a detainer at the institution of his confinement. *See Moody v. Daggett*, 429 U.S. 78, 86-89 (1976). Moreover, parole officials are entitled to absolute immunity from suits challenging conduct involving the preparation of parole revocation reports. *See Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985); *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983).[1]

Because Cook's prisoner civil rights case fails to state a claim and is premised on an "indisputably meritless legal theory," his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[2]

---

[1] Cook is advised that a civil rights claim for damages which raises challenges to the constitutionality of incarceration is not appropriate unless and until his revocation charge has been dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). His allegation, which is tantamount to a Fourteenth Amendment claim, is barred by the rule announced in *Heck* as a judgment in Cook's favor would necessarily imply the invalidity of his criminal detention. The *Heck* bar applies to proceedings that call into question the fact or duration of parole or probation. *See Crow v. Penry*, 102 F. 3d 1086, 1087 (10th Cir. 1996). Therefore, a complaint for damages is barred under the rule of *Heck*.

[2] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

He is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[3] This constitutes the first § 1915(e) strike to be assessed against Cook. A separate order follows.

May 15, 2013

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.